WALLACE, JUDGE:
Omega Perdue, formerly Omega Jenkins, filed this claim against the respondent for damages to her tobacco crop and loss of topsoil and fertilizer caused by the flooding of her tobacco field.
She testified that she and her four children owned an eighty-four acre farm located on the waters of Jenkins Creek near Milton, West Virginia. She was asked by the Court to furnish the deed to the farm so that the Court could determine the proper ownership and claimants in this matter. This she failed to do. The Court made its own investigation, and found that Omega Perdue and her former husband, Willie Jenkins, conveyed the farm in 1959 to their four children, Doris Jane Jenkins, now Bowen; Wanda Sue Jenkins, now Hanley; Larry Jenkins, and Lana Jean Jenkins. Accordingly, Omega Jenkins owns no interest in the property, and the *2 Court, on its own motion, amended the notice of claim to dismiss Omega Perdue as a claimant and to substitute the four children as claimants.
Jenkins Creek flows past a tobacco field located on the farm, then turns at right angles through two six-foot culverts under Local Service Road #9, also known as Dudley Gap Road. A second creek flows easterly under the road through a five-foot culvert located in the immediate area of the six-foot culverts.
On August 4, 1980, there occurred a heavy rainstorm overflowing the banks of Jenkins Creek and flooding a portion of the tobacco field. None of the claimants live on the farm and none were present during the storm. Omega Perdue contends that the culverts were clogged with debris, causing the creek to back up and flood the field. She testified that the culverts had been blocked on previous occasions, and she had made complaints to the respondent.
Lonnie Clagg, an employee of the respondent, testified that he had occasion to pass through the area of claimants’ farm immediately after the storm; that Jenkins Creek and Trace Creek had flooded above and below the culverts; that the water was over Local Service Road #9, and that he had to proceed through the water.
Donald Turner, respondent’s Maintenance Supervisor for Cabell County, testified that he had no knowledge or record of complaints made by Omega Perdue other than a call received after the August 4, 1980 storm advising of the damage to the tobacco crop.
The evidence in the record does not establish that the culverts were actually clogged at the time of the August 4, 1980 storm. None of the claimants were present during the storm, and there was not actual proof that the culverts were, in fact, stopped up at the time of the storm. On the contrary, the testimony of Lonnie Clagg established that the storm was of such magnitude that the run-off went over the culverts and the road, flooding the entire area above and below the cul *3 verts. No negligence on the part of the respondent was proved. Accordingly, the Court must deny the claim.
Claim disallowed.